UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Anthony Chatman,

      Plaintiff,

vs.                                    Case No.  3:06-cv-1005-J-32MCR

National Railroad Passenger Corporation, d/b/a
Amtrak,

      Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Defendant's Motion for Enlargement of Time to Disclose Experts (Doc. 14) filed October 19, 2007.  Plaintiff filed a response in opposition on October 22, 2007.  (Doc. 16).  Accordingly, the matter is now ripe for judicial review.

Defendant seeks an extension of time in which to disclose its expert witnesses from November 2, 2007 to December 21, 2007.  According to Defendant, this extension is necessary to allow it ample time to obtain a psychological expert witness to "analyze the numerous documents in this case, examine Plaintiff (if necessary) and prepare a report . . ." (Doc. 14, p.3).  Plaintiff's deposition is scheduled for October 23, 2007 and Defendant is concerned that there will not be sufficient time to have the deposition transcribed before the expert report is due on November 2, 2007.  Id.  Plaintiff objects to this extension on the grounds that Defendant has had ample time to retain a psychological expert.  Plaintiff also complains that an extension until December 21,

-1-

2007 will cause unfair prejudice to Plaintiff in that Plaintiff will not have adequate time to name a rebuttal expert and with the holidays, Plaintiff will not have sufficient time to conduct discovery of Defendant's expert prior to the January 14, 2008 discovery deadline. If the Court decides to grant an extension, Plaintiff asks that "all subsequent deadlines also be extended by an equal and corresponding period of time." (Doc. 16, p.5).

Rule 6 of the Federal Rules of Civil Procedure permits court discretion to enlarge periods of time set forth under other rules. Specifically, Rule 6 provides:

> the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where failure was the result of excusable neglect....

Rule 6(b), Fed.R.Civ.P. Because Defendant seeks the enlargement of time prior to the deadline of November 2, 2007, the Court only needs to determine whether Defendant has shown good cause for an extension. According to Plaintiff, Defendant had Plaintiff's psychological medical records since September 19, 2007 and was able to depose Dr. Kristol, Plaintiff's treating psychologist, on September 27 and October 15, 2007. However, Defendant was not able to depose Plaintiff until October 23, 2007. Accordingly, the Court believes Defendant has shown good cause for an extension. However, the Court will grant an extension only until **November 29, 2007**. This should provide Defendant with sufficient time to retain an expert to review the records and complete a report. Any rebuttal expert reports shall be disclosed no later than

**December 28, 2007**.  If the parties are unable to complete expert depositions prior to

the discovery cut-off of January 14, 2008, they are free to conduct only those

depositions outside the discovery cut-off.  All other discovery shall be completed prior to

the discovery deadline of January 14, 2008.  All other dates established in the Case

Management and Scheduling Order (Doc. 8) shall remain in effect.

Accordingly, after due consideration, it is

**ORDERED**:

Defendant's Motion fo Enlargement of Time to Disclose Experts (Doc. 14) is

**GRANTED** in part as set forth in the body of this Order.


**DONE AND ORDERED** in Chambers in Jacksonville, Florida this   23rd   day of

October, 2007.

_Monte C. Richardson_

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record